

**FILED**
**Jan 24, 2022**
**09:47 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Frances Conn,** | ) | **Docket No. 2021-01-0278** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon,** | ) | **State File No. 800220-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

The Court held a Compensation Hearing on Ms. Conn's claim to determine whether she is entitled to medical benefits. Two experts, both of whom examined Ms. Conn, reached different opinions regarding medical causation. After considering the medical proof, the Court holds she is not entitled to medical benefits.

### History of Claim

Ms. Conn developed bilateral hand, wrist, and shoulder pain on December 1, 2020, after working at Amazon as a packer and stower for several months. She believed the high productivity level and repetitive motions caused her condition. Four months later, she reported the problem and selected Dr. Natasha Ballard, a primary care specialist, from a panel.

When Ms. Conn saw Dr. Ballard, she complained of pain and tingling due to repetitive work at Amazon. Ms. Conn disclosed she previously experienced similar symptoms when she worked for a package delivery service holding a scanner and when typing at a medical office.[1] Dr. Ballard ordered x-rays of Ms. Conn's neck and hands, performed an examination, and diagnosed bilateral arm pain. At that visit, she marked

---

[1] Ms. Conn testified she told Dr. Ballard the symptoms subsided one to two months after she quit working at the package delivery service.

1

"non-work related" on a Healthcare Provider Request for Information form.

Dr. Ballard later testified by deposition about causation. She noted she considered all causes, including Ms. Conn experiencing similar symptoms when working at her previous employment. Dr. Ballard agreed that "at least more than 50.1 percent of the cause of [Ms. Conn's] complaints was not related to her employment with Amazon."

Ms. Conn disagreed with Dr. Ballard's opinion and sought treatment with Dr. Gregory Steinke, a primary care specialist. His office note reflects she reported working as an office manager in 2020 before taking a more active job at Amazon. Dr. Steinke diagnosed bilateral lateral epicondylitis and bilateral trapezius muscle strain at the cervical level. Noting that her level of activity and repetition increased after starting at Amazon, Dr. Steinke related Ms. Conn's diagnoses "to overuse as a result of work requirements at her job at Amazon." After ordering elbow straps and physical therapy, Dr. Steinke continued providing ongoing treatment.

By Form C-32, Dr. Steinke responded to questions regarding causation. Form C-32 asked whether "the employment activity, more likely than not, [was] primarily responsible for the injury or primarily responsible for the need for treatment." He marked "yes." Dr. Steinke marked "no" when asked if the injury involved the aggravation of a pre-existing condition. However, he checked "yes" when asked if the employment activity was primarily responsible for the need for treatment of a pre-existing condition.

Dr. Steinke also completed a Final Medical Report. He assigned no permanent impairment and wrote he does not anticipate the need for future medical treatment.

**Findings of Fact and Conclusions of Law**

Ms. Conn, as the employee in a workers' compensation claim, has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a Compensation Hearing, Ms. Conn must prove by a preponderance of the evidence that she is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2021).

Ms. Conn must first prove her claim satisfies the definition of "injury" in the Workers' Compensation Law. Tennessee Code Annotated section 50-6-102(14) defines an "[i]njury" in relevant part as "an injury by accident . . . or cumulative trauma conditions including . . . repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment[.]" Ms. Conn must show, by a preponderance of the evidence and to a reasonable degree of medical certainty, that the employment contributed more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(B)-(C).

2

Amazon relied upon Dr. Ballard. Because Ms. Conn chose her from a panel, her opinion is presumed correct subject to rebuttal by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E). The Court must determine if Ms. Conn rebutted the presumption of correctness attached to Dr. Ballard's opinion. After reviewing the evidence, the Court holds she did not.

In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015).

Drs. Ballard and Steinke offered opposing causation opinions. Both physicians are equally qualified, so this factor favors neither. As to the circumstances of their examination, Dr. Ballard saw Ms. Conn once, while Dr. Steinke saw her for ongoing treatment. This factor favors Dr. Steinke.

What sets these experts apart is that Dr. Ballard knew Ms. Conn experienced similar symptoms before working at Amazon. She experienced pain and tingling when working at the package delivery service holding a scanner and at a medical office typing. In contrast, Dr. Steinke's office note only reflects Ms. Conn reported working as an office manager in 2020 before taking a more active job at Amazon. Considering the information available to them and the importance of that information through other experts, Dr. Ballard had all relevant information; Dr. Steinke did not. Further, Dr. Steinke's Form C-32 provided contradictory causation responses regarding whether Ms. Conn had a pre-existing condition.

For those reasons, the Court finds that Dr. Steinke's opinion does not overcome the presumption of correctness afforded to Dr. Ballard's opinion. Therefore, the Court holds Ms. Conn is not entitled to medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Conn's claim is denied.

2. Amazon shall pay the $150.00 filing fee to the Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five business days after this order becomes final.

3. Amazon shall file an SD-2 with the Clerk within ten business days of this order becoming final.

4. Unless appealed, this order shall become final in thirty days.

3

**IT IS ORDERED.**

**ENTERED January 24, 2022.**

_Audrey Headrick_
**Audrey A. Headrick**
**Workers' Compensation Judge**

**APPENDIX**

Exhibits:
1. Form C-32 Standard Form Medical Report for Industrial Injuries (Amended)
2. May 10, 2021 office note of Dr. Steinke
3. Supportive Feedback Document
4. Deposition of Dr. Ballard
5. Healthcare Provider Request for Information
6. August 10, 2021 letter regarding mileage signed by Dr. Steinke (Identification Only)
7. August 9, 2021 causation letter signed by Dr. Steinke (Identification Only)
8. May 11, 2021 letter regarding restrictions signed by Dr. Steinke (Identification Only)
9. Amazon advertisement
10. Curriculum vitae and office note of Dr. Ballard (Identification Only)[2]

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Voluntary Nonsuit and Order of Voluntary Dismissal as to Defendant Subsequent Injury Fund Only
4. Amended Scheduling Order
5. Employee's Pre-Hearing Statement and Brief
6. Ms. Conn's Pre-Compensation Hearing Statement
7. Employer's Pre-Hearing Statement and Brief

---

[2] Dr. Ballard's office provided these documents to Amazon after her deposition. However, Amazon did not file them before the compensation hearing.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 24, 2022.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Frances Conn, Employee | | X | frances_saad22@protonmail.com |
| Adam C. Brock-Dagnan, Employer's Attorney | | X | acbrock-dagnan@mijs.com |

/s/Penny Shrum          w/permission JD
_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov